***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner W. Bain Jones, Jr. and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner W. Bain Jones, Jr. with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The date of the alleged injury was October 26, 1999.
2. Villanova Insurance Company was the carrier on risk for Hagood Homes, Inc.
3. Jim McGirt was non-insured at the date of the alleged injury.
4. Eric Schuette d/b/a Precision Home Builders was non-insured on the date of the alleged injury.
5. Cape Fear Hospital Emergency Room records from October 26, 1999 were stipulated into evidence as Stipulated Exhibit 1.
6. Medical Records from David A. Esposito, M.D., consisting of five (5) pages were stipulated into evidence as Stipulated Exhibit 2.
7. The issues before the Deputy Commissioner were: (i) did the employer-employee relationship exist between plaintiff and defendant Jim McGirt; (ii) did plaintiff sustain an injury by accident arising out of and in the course of his employment with defendant Jim McGirt; (iii) if so, who is liable for any medical indemnity compensation due plaintiff?
 ***********
Based upon all the competent evidence of record, the Full, Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff was an employee of Jim McGirt on October 26, 1999. Although plaintiff and McGirt had worked together on other jobs in the past as friends, with regard to their relationship in October 1999, the evidence establishes that McGirt hired plaintiff to work as a framer helper earning $12.00 an hour. McGirt had 3 or more employees and was subject to the North Carolina Workers Compensation Act. McGirt retained the right to fire plaintiff, and plaintiff was not free to hire a helper. McGirt furnished the tools and materials for the job, and Jimmy Collins, who was also employed by McGirt, directed plaintiff in his work.
2. On October 26, 1999, while working as a framer helper for McGirt, plaintiff fell six feet from a ladder, sustaining a concussion and a nondisplaced intra-articular right distal radial fracture. Following the injury, plaintiff, who is right hand dominant, came under the care of Dr. Esposito and was totally disabled for a period of approximately ten weeks. During that time, plaintiff did pick up some odd jobs and was able to earn $1,600.00. In January of 2000, Dr. Esposito recommended an MRI, but plaintiff was unable to pursue further treatment with no income or insurance to cover it.
3. Plaintiff has an unpaid balance with Dr. Esposito of $1,893.50, and $1,578.46 with the hospital. In January of 2000, plaintiff returned to work for another employer as a driver, earning an average weekly wage of approximately $325.00. Plaintiff has never been able to complete his treatment, and has not been evaluated for a permanent disability rating.
4. Defendant Hagood Homes was the general contractor on the house at which plaintiff was working on October 26, 1999. Hagood Homes had subcontracted the house out to Eric Schuette, d/b/a Precision Home Builders. Schuette, in turn, subcontracted out the framing to McGirt.
5. When Schuette and McGirt first discussed the contract in October 1999, Schuette told McGirt that he was going to hold back $1,000.00 from the contract price to provide workers' compensation coverage for McGirt's employees. Plaintiff was told that he was going to be covered by Schuette's workers' compensation policy. In fact, at the time Schuette negotiated this deal with McGirt, Schuette knew that his workers' compensation policy had already been canceled back in September of 1999. When McGirt and his employees began working on the job, Schuette warned them to be careful because he was having "problems" with his insurance, but Schuette never told anyone that his workers' compensation insurance had been canceled, until after plaintiff was injured. And even though his workers' compensation insurance had been canceled, Schuette still withheld $1,000.00 at the end of the contract.
6. Schuette and Hagood Home began working together in March of 1999. At that time, Schuette and Jim Kenny, president of Hagood Homes, entered into a verbal contract for Schuette to frame a house on Lot 15 in the Magnolia Green subdivision. That was the only house contracted for at that time. Kenny told Schuette that he needed to provide a certificate of insurance if he wanted the job. Schuette went to the Heinberg Insurance Agency and secured through them workers' compensation coverage with Harbor Specialty. At Schuette's request, Heinberg prepared a certificate of insurance for Schuette and it was faxed to Jim Kenny at Hagood Homes. The certificate, provided in discovery, had a notation at the bottom that it was for Lot 15 Magnolia Green, and that the policy was to be effective for the period from March 16, 1999 to March 16, 2000.
7. Schuette completed the house on Lot 15, and then over the next six months entered into separate verbal contracts with Jim Kenny to do four more houses. Each house was a new verbal contract. The evidence is uncontradicted that Jim Kenny did not request a new certificate of insurance at the time each new contract was entered into with Schuette. Had Kenny asked for a certificate of insurance at the time the contract on the house plaintiff was injured at was sublet, Schuette would not have been able to provide one, because his insurance had been canceled. When Kenny discovered that Schuette was, in fact, non-insured on the date plaintiff was injured, he asked McGirt and Schuette to get plaintiff to sign a release. McGirt and Schuette made payments to plaintiff totaling $600.00, even though plaintiff would not sign the release.
8. Schuette's workers' compensation policy was in effect from May 16, 1999 until September 25, 1999. This policy with Harbor Specialty Insurance Company was terminated because the premiums were not paid.
9. It is more likely than not that Hagood Homes was notified by Bill Heinburg Insurance that Schuette's insurance had been canceled based upon the notice of cancellation that states:
 Should any of the above described polices be canceled before the expiration date thereof, the issuing insurer will endeavor to mail ____ days written notice to the certificate holder named to the left, but failure to do so shall impose no obligation or liability of any kind upon the insurer, its agents or representatives.
10. At the time of plaintiff's injury by accident, Jim McGirt became aware that Eric Schuette d/b/a Precision Home Builders had no workers' compensation coverage.
11. Jim McGirt and Eric Schuette assured plaintiff that his medical bills would be paid and that he would receive compensation during the time he was convalescing from his injuries.
12. Plaintiff received $300.00 from Eric Schuette during the time he was out of work and $200.00 from Jim McGirt as well as a car valued at $300.00.
13. Plaintiff has outstanding bills for medical treatment and/or prescriptions.
14. Jim Kenny was aware that plaintiff had been injured on the job. Mr. Kenny was informed of the injury, lack of insurance coverage, and alleged payments to plaintiff by Jim McGirt and Eric Schuette. Jim Kenny followed-up with Jim McGirt and Eric Schuette. There were several discussions relating to how plaintiff's medical bills and compensation were being paid. Mr. Kenny was aware that Mr. Schuette and Mr. McGirt were paying cash or making like kind exchanges in order to deal with plaintiff's circumstances.
15. Plaintiff is still in need of follow-up treatment relating to his concussion and fracture.
16. It is more likely than not that Hagood Homes did receive notice of the cancellation of Precision Home Builders' workers' compensation insurance.
17. Eric Schuette d/b/a Precision Home Builders was a sub-contractor of Hagood Homes, Inc. and failed to maintain workers' compensation insurance for its employees. Precision Home Builders failed to inform Hagood Homes, Inc. that its workers' compensation insurance had lapsed and also accepted monies for coverage for the employees of Jim McGirt.
18. Eric Schuette violated the North Carolina Workers' Compensation Act concerning adequate workers' compensation insurance when he employed three or more employees without obtaining workers compensation insurance.
19. Jim McGirt was plaintiff's direct employer and employed three or more employees while working on the jobsite where plaintiff sustained an injury by accident. Jim McGirt sought to be covered under the workers' compensation policy through Precision Homes.
20. Eric Schuette d/b/a Precision Home Builders accepted payments for the workers' compensation coverage in spite of the fact that he had no workers' compensation insurance.
21. Eric Schuette d/b/a Precision Home Builders is liable for the injury by accident sustained by plaintiff on October 26, 1999 to his head and right wrist in that Eric Schuette did not require a certificate of insurance and accepted payment so that Jim McGirt's employees would be covered under its workers' compensation insurance.
22. Pursuant to the North Carolina Workers' Compensation Act, plaintiff may recover from Hagood Homes, Inc.
23. Hagood Homes may recover from Eric Schuette amounts paid for workers' compensation and for medical treatment.
24. Plaintiff returned to work as a van driver/delivery man. Plaintiff previously earned $480.00 while working for defendant-employer. Plaintiff is paid $325.00 per week in his present employment yielding a rate of $103.39 for partial disability payments.
25. Plaintiff has not reached maximum medical improvement.
26. The appeal to the Full Commission in this case was brought by the insurer and the Full Commission by this decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee. A reasonable fee to plaintiff's attorney for handling the appeal before the Full Commission is $1,000.00.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident to his head and right wrist arising out of and in the course of his employment with defendant Jim McGirt, on October 26, 1999. N.C. Gen. Stat. § 97-2(6).
2. Jim McGirt employed plaintiff on October 26, 1999 and was uninsured at that time. Jim McGirt had three or more employees and was required to have workers' compensation insurance. Jim McGirt paid Eric Schuette for worker's compensation insurance. N.C. Gen. Stat. § 97-2; N.C. Gen. Stat. § 97-19.
3. Eric Schuette d/b/a Precision Home Builders, the next sub-contractor in the chain of sub-contractors, was responsible for plaintiff's worker's compensation insurance. N.C. Gen. Stat. § 97-19.
4. Because Eric Schuette d/b/a Precision Home Builders was non-insured on October 26, 1999 for plaintiff's injuries, the liability is assumed by Hagood Homes, Inc. the general contractor in the line of sub-contractors. N.C. Gen. Stat. § 97-19 requires any principal contractor who sublets any contract work to obtain a certificate of insurance from the subcontractor. When the certificate of insurance shows that it was issued for a specific construction job, a new certificate must be obtained for any subsequent construction job. Hagood Homes, Inc., failed to obtain a new certificate with respect to the construction job on which plaintiff was injured.
Hagood Homes, Inc., argues that its only liability under N.C. Gen. Stat. § 97-19 is with respect to employees of Eric Schuette and that it has no liability with respect to Schuette's subcontractor. Its position is that the statute does not address the liability of a general contractor who has contracted with a subcontractor who in turn has subcontracted with a lower tier subcontractor. We find that argument not to be valid. The chain of liability extends from the immediate employer of the injured employee up the chain to the first responsible contractor who has the ability to pay. Otherwise there would be no need of the following provisions of § 97-19:
 Every claim filed with the Industrial Commission under this section shall be instituted against all parties liable for payment, and said Commission, in its award, shall fix the order in which said parties shall be exhausted, beginning with the immediate employer.
And
 The principal or owner may insure any or all of his contractors and their employees in a blanket policy, and when so insured such contractor's employees will be entitled to compensation benefits regardless of whether the relationship of employer and employee exists between the principal and the contractor.
5. Eric Schuette d/b/a Precision Home Builders violated the North Carolina Workers' Compensation Act by not having valid workers' compensation insurance for the period of September 25, 1999 through December 31, 1999. Eric Schuette d/b/a Precision Home Builders shall pay a penalty of $100.00 a day for each of the days he did not have valid workers compensation insurance in effect. N.C. Gen. Stat. § 97-93; N.C. Gen. Stat. § 97-94.
6. Plaintiff is entitled to receive temporary total disability compensation for a period of ten weeks based on an average weekly wage of $480.00 per week. N.C. Gen. Stat. § 97-29.
7. Plaintiff is entitled to receive temporary partial disability compensation for the difference between the earnings he made working for Jim McGirt, $480.00, and those he is now receiving for driving a van and delivering, $325.00. This yields a rate of $103.39. N.C. Gen. Stat. § 97-30.
8. Plaintiff has not reached maximum medical improvement.
9. Plaintiff is entitled to receive from Eric Schuette d/b/a Precision Homes, payment for the treatment relating to his compensable injuries by accident on October 26, 1999. N.C. Gen. Stat. § 97-25.
10. Because Eric Schuette d/b/a Precision Home Builders had no valid workers' compensation insurance, Hagood Homes shall be liable for all compensation and medical treatment. N.C. Gen. Stat. § 97-19; N.C. Gen. Stat. § 97-29; N.C. Gen. Stat. § 97-25.
11. Hagood Homes may recover from Eric Schuette any amounts paid for compensation and medical treatment. N.C. Gen. Stat. § 97-19.
12. The Full Commission may in its discretion award a partial credit for the $2,400.00 compensation paid by Eric Schuette and Jim McGirt and plaintiff's earnings while totally disabled. N.C. Gen. Stat. § 97-42.
13. Since the appeal to the Full Commission in this case was brought by the insurer and the Full Commission by this decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Full Commission may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer. N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. For his total disability, defendants shall pay plaintiff total disability compensation for ten weeks based upon an average weekly wage of $480.00 and a compensation rate of $320.00 per week. Hagood Homes shall receive credit for $1,600.00 earned by plaintiff while disabled. Said amount shall be paid in a lump sum with interest thereon at 8% per year from the date of the hearing before the Deputy Commissioner until paid. Such compensation is subject to attorney fees as set forth in paragraph 5 below.
2. Defendants shall pay partial disability compensation equal to 2/3 of the difference between plaintiff's $480.00 average weekly wage and his wage of $325.00 per week for a period beginning when plaintiff started working as a van driver/delivery man and ending 300 weeks from his date of injury or when his average weekly wage equals or exceeds $480.00 per week, whichever is first to occur. So much of the partial disability compensation as has accrued to the date of this Opinion and Award shall be paid in a lump sum, subject to the attorney fees as set forth in paragraph 5 below.
3. Defendants shall pay for all medical expenses resulting from plaintiff's compensable injury by accident on October 26, 1999, including future medical expenses.
4. The order of exhaustion of this award pursuant to N.C. Gen. Stat. § 97-19 shall be Jim McGirt, the employer; followed by Eric Schuette d/b/a Precision Home Builders, sub-contractor; followed by Hagood Homes, Inc. and its carrier, Villanova Insurance Company.
5. With respect to lump sum compensation payments, defendants shall deduct from the amounts otherwise payable to plaintiff and shall pay directly to plaintiff's attorney 25% of such sums paid to plaintiff as temporary total disability compensation and as partial disability compensation as a reasonable attorney fee. With respect to periodic partial disability compensation, defendants shall pay 25% of those amounts directly to plaintiff's counsel at the same time payments are made to plaintiff.
6. Defendants shall pay forthwith to plaintiff's counsel $1,000.00 as an appropriate fee under N.C. Gen. Stat. § 97-88.
7. Eric Schuette d/b/a Precision Home Builders shall pay a penalty of $100.00 per day from September 25, 1999 through December 31, 1999 for his willful failure to comply with the North Carolina Workers' Compensation Act.
8. Hagood Homes, Inc., Eric Schuette d/b/a Precision Homes and Jim McGirt shall pay the costs.
This 14th day of February 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER